IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | No. 4:18-CR-241 |
| § | Judge Crone |
| SATHISH KUMAR PURAM (1) § | |
| NISHA BHAGWANDAS BAJAJ (2) § | |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### Count One

<u>Violation</u>: 18 U.S.C. § 371
(Conspiracy to violate 18 U.S.C.
§§ 1030(a)(2)(C) and (c)(2)(A))

**I.      Introduction**

At all times material to this Information:

1.      The victim in this case (hereinafter, "Victim Company") was a software company that provided services for communications, media, and entertainment industry service providers. Victim Company focused on software and services related to billing, customer management, and operation support.

2.      Victim Company was an international business that had offices in Richardson, Texas; Champaign, Illinois; and elsewhere and conducted business in the Eastern District of Texas and elsewhere.

3.      From approximately 2006 until approximately March 1, 2013, Defendant **Sathish Kumar Puram ("Puram")** was employed by the Victim Company or its subsidiaries in various locations as a software engineer. From approximately March 23,

2013 through the present, **Puram** has been employed by other technology companies in Texas as a software engineer.

4.  From approximately September 2004 until approximately November 2014, Defendant **Nisha Bhagwandas Bajaj ("Bajaj")** was employed by the Victim Company or its subsidiaries in various locations as a software developer.

5.  **Puram** and **Bajaj** have been married since November 11, 2011.

6.  Nicolae Popa (Popa) was employed by the Victim Company or its subsidiaries in various locations, including as a software designer in Champaign, Illinois, from at least 2003 until in or about August 2014.

## II. The Offense

7.  From approximately January 2013 until approximately August 2014, in the Eastern District of Texas and elsewhere, **Puram** and **Bajaj** did unlawfully, willfully, and knowingly combine, conspire, confederate and agree with one another and with Popa to commit offenses against the United States, specifically, to intentionally access a computer without authorization and in excess of authorized access, and thereby obtain information from any protected computer, in violation of Title 18, United States Code, § 371 (Conspiracy to violate Title 18, United States Code, §§ 1030(a)(2)(C) and (c)(2)(A)).

   A.  <u>Manner and Means</u>

8.  **Puram** and **Bajaj** (the Defendants) conspired with each other and with Popa to use misappropriated Victim Company login information, including user names and passwords, some of which they had no authority to use, and some of which exceeded authorized access. Defendants used the misappropriated login information to gain access,

some of which was unauthorized, and some of which exceeded authorized access, to the computer servers of the Victim Company in order to obtain confidential and proprietary information.

9. Some of the Victim Company's computer servers, which Defendants accessed without authorization and in excess of authorization, were located in the United States and were used in and affected interstate and foreign commerce and communication; some were located outside the United States and were used in a manner that affected interstate and foreign commerce and communication of the United States;

B. <u>Overt Acts</u>

10. In furtherance of the conspiracy and to achieve its objects, the Defendants committed and caused to be committed, among others, the following overt acts in the Eastern District of Texas, and elsewhere:

11. In or about January 2013, while employed at the Victim Company, **Puram** and Popa discussed taking the source code for a Victim Company primary software product from company servers.

12. On or about February 1, 2013, **Puram** provided Popa with misappropriated login credentials for a Victim Company employee who had greater access privileges to the source code, all without the Victim Company's authorization and for the purpose of downloading Victim Company source code from Victim Company protected computers without authorization.

13. On or about February 13, 2013, **Puram** sent Popa a list of Victim Company names with passwords to gain access to Victim Company protected computers to which neither **Puram** nor Popa had access.

14. In February 2013, source code from the Victim Company was accessed without authorization. The source code was later found in August 2014 stored at Popa's residence in the Central District of Illinois.

15. On or about March 1, 2013, the day **Puram** left the Victim Company, **Puram** provided Popa with a misappropriated Victim Company user name and password to allow Popa to access and download Victim Company proprietary software.

16. On or about March 21, 2013, Popa sent **Bajaj** a Victim Company misappropriated user name and password. **Bajaj** forwarded the Victim Company user name and password to **Puram**'s personal email address.

17. From approximately March 2013 through August 2014, **Bajaj** provided **Puram** with her Victim Company user name and password without authorization and for the purpose of enabling continued coordination between **Puram** and Popa in furtherance of the conspiracy.

18. In February 2014, Popa downloaded approximately 6,000 Victim Company documents that detailed the architecture, configuration, and limitations of the Victim Company's software.

19. In February 2014, Popa provided **Puram** with his Victim Company user name and password without authorization and for the purpose of enabling **Puram**'s access to the downloaded Victim Company documentation.

20. As a result of **Puram**, **Bajaj**, and Popa's unauthorized activity, Victim Company incurred remediation costs totaling approximately $184,697.10 to retain an incident response firm.

All in violation of Title 18, United States Code, § 371 (Conspiracy to violate Title 18, United States Code, §§ 1030(a)(2)(C) and (c)(2)(A)).

### NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
Criminal Forfeiture Pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i)

As a result of committing the offense charged in this information, **Puram** and **Bajaj** may have used or intended to use personal property to commit or to facilitate their commission of the offense or may have acquired property constituting, or derived from, proceeds obtained directly or indirectly. All such facilitating property and proceeds are subject to forfeiture by the government.

Respectfully submitted,

JOSEPH D. BROWN
United States Attorney

By: _____
RYAN K. DICKEY
S. RIANE HARPER
Trial Attorneys
Virginia Bar No. 74828; D.C. Bar No. 230233
U.S. Department of Justice, Criminal Division
Computer Crime and Intellectual Property Section
1301 New York Avenue NW, Suite 600
Washington, DC 20530
(202) 616-1509 office

G.R. JACKSON
Assistant United States Attorney
United States Attorney's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 4:18-CR-241 |
| | § | Judge Crone |
| SATHISH KUMAR PURAM (1) | § | |
| NISHA BHAGWANDAS BAJAJ (2) | § | |

## NOTICE OF PENALTY

Violation    18 U.S.C. § 371
Conspiracy to violate 18 U.S.C. §§ 1030(a)(2)(C) and (c)(2)(A)

Penalty    Not more than one year of imprisonment or supervised probation of not more than five years; a fine not to exceed $100,000, or not more than the greater of twice the gross gain to the defendant or twice the gross loss to one other than the defendant; and supervised release of not more than one year.

Special Assessment    $25.00